605 So.2d 118 (1992)
Patricia PERROTT, Appellant,
v.
Richard A. FRANKIE, Appellee.
No. 91-04111.
District Court of Appeal of Florida, Second District.
August 14, 1992.
Rehearing Denied September 29, 1992.
*119 Edwin Peck, St. Petersburg, for appellant.
David P. Rankin of Freeman, Lopez & Kelly, P.A., Tampa, for appellee.
PATTERSON, Judge.
The appellant challenges the final summary judgment awarding the appellee one-half the proceeds from the sale of real property which was deeded to the appellant by her father, Edward Barnes. She argues that the trial court erred in finding that Barnes had fraudulently transferred the property to her in an attempt to put the property out of the reach of the appellee, a judgment creditor. We affirm the finding that the transfer was fraudulent but reverse the award to the appellee.
Barnes owned a two-story building in Pinellas County that consisted of five apartments and ten storage facilities. On December 29, 1982, Barnes conveyed the property by quitclaim deed to the appellant. In August 1983, the appellant transferred the property by quitclaim deed to Barnes and herself, as joint tenants with the right of survivorship.
On December 15, 1984, the appellee filed a complaint against Barnes seeking damages for injuries sustained in an automobile accident that occurred on November 5, 1984. On October 12, 1989, a judgment was entered against Barnes in the amount of $115,000. At the time of the accident, Barnes and the appellant owned the property as joint tenants with the right of survivorship. In 1987, while the litigation between the appellee and Barnes was pending, Barnes again transferred the property by quitclaim deed to the appellant. Barnes died on June 15, 1990. In December 1990, the appellee filed a motion for supplementary proceedings in execution of the final judgment, which claimed that Barnes had transferred the property to the appellant to defraud his creditors. The trial court granted the motion and ordered that the appellant be impleaded as a third party to the action. In August 1991, the appellee filed a certified copy of the final judgment in the Official Records of Pinellas County.
The parties stipulated that the appellant could sell the property and that $60,000 of the proceeds would be placed in escrow until a determination could be made as to the appellee's claim to the proceeds. The appellant filed a motion for summary judgment in which she argued, inter alia, that even if the transfer was fraudulent and void, the appellee did not have a claim on the property because title would have reverted to its previous status as a joint tenancy with the right of survivorship; thus, she acquired the property upon her father's death before the appellee made a claim against the property. The appellee also filed a motion for summary judgment, arguing that he was entitled to Barnes' interest in the property and attorney's fees.
The trial court entered an order granting the appellee's motion for summary judgment, which stated that Barnes' transfer of the property to the appellant was fraudulent *120 and that the fraudulent conveyance destroyed the unity of title and severed the joint tenancy with the right of survivorship. In essence, the order found that, once the transfer was voided, the property was held by Barnes and the appellant as tenants in common and, therefore, the appellee was entitled to the value of Barnes' half of the property.
It is apparent that Barnes, in fear of having a judgment entered against him, transferred the property to the appellant during the pending litigation to protect the asset. Fraudulent intent may be inferred when a debtor transfers a substantial portion of his assets to a relative, for little or no consideration, after the debtor has been sued or threatened with suit. § 726.105, Fla. Stat. (1987).
Section 726.01, Florida Statutes (1987), states that a conveyance which has been adjudged to be fraudulent is deemed to be "utterly void" and "of none effect." Thus, if the 1987 transfer was void, the property would revert to its previous status as a joint tenancy, and the appellant would have obtained the entire property upon Barnes' death through her right of survivorship before the appellee obtained a lien on the property. See Hurlbert v. Shackleton, 560 So.2d 1276 (Fla. 5th DCA 1990). A judgment does not become a lien on real estate until a certified copy of the judgment is recorded in the official records of the county. § 55.10, Fla. Stat. (1989). The appellee did not file a certified copy of the judgment in the Official Records of Pinellas County until August 1991. Therefore, the trial court erred in awarding the appellee half of the proceeds from the sale of property which belonged solely to the appellant.
Accordingly, we reverse the final summary judgment for the appellee and remand for the entry of a final summary judgment for the appellant.
RYDER, Acting C.J., and SUSAN C. BUCKLEW, Associate Judge, concur.