PER CURIAM.
We affirm the trial court’s final judgment determining that appellant was liable to appellee as a successor to the judgment debt- or in this case. While we do not find that the elements of a de facto merger between the appellant and the judgment debtor were proved, there was evidence supporting the trial court’s conclusion that the transfer of assets from the judgment debtor to the appellant corporation met the tests for a fraudulent transfer. See Perrott v. Frankie, 605 So.2d 118 (Fla. 2d DCA1992). This case was tried under an order which determined that it was appellant’s burden to prove it was not liable, a ruling which was not challenged in this court because it was conceded by appellant at trial. We do not decide whether this *712 was the correct placement of the burden of proof, but given this allocation the trial court must be affirmed.
However, we reverse the award of attorney’s fees to appellees. Section 57.115(1), Florida Statutes (1991) permits the award of attorney’s fees against a judgment debtor in connection with the execution on a judgment. Until the conclusion of the proceedings determining that appellant was liable, it was not a judgment debtor, and the underlying proceedings were not brought “in execution” on the judgment.
Affirmed in part; reversed in part.
GLICKSTEIN, WARNER and PARIENTE, JJ., concur.